# ROSENBERG CALICA & BIRNEY LLP

ATTORNEYS AND COUNSELORS AT LAW
100 GARDEN CITY PLAZA, SUITE 408
GARDEN CITY, NEW YORK 11530
TELEPHONE (516) 747-7400
FACSIMILE (516) 747-7480
WWW.RCBLAW.COM

RONALD J. ROSENBERG*
ROBERT M. CALICA
WILLIAM J. BIRNEY
EDWARD M. ROSS^
LESLEY A. REARDON
KENNETH E. ANESER°
JOHN S. CIULLA

JUDAH SERFATY
PETER J. WILLIAMS⁺
JOSHUA M. LIEBMAN‡
DEREK D. MUSA
JORDI I. KUSHNER
MINDY R. HOLLANDER

DIANA G. ATTNER
KENNETH J. WEINSTEIN
RICHARD A. ROSS
OF COUNSEL

*ALSO ADMITTED FL
^ALSO ADMITTED CT
°ALSO ADMITTED CT, NJ, DC
⁺ALSO ADMITTED MD
‡ALSO ADMITTED NJ

April 16, 2019

**VIA ECF**

Hon. Katherine H. Parker
United States Magistrate Judge
United States District Court : SDNY
500 Pearl Street
New York, New York 10007

> RE:     Hesham Awad, et al. v. Sharif Omar, et al.
>          Case No. 18-CV-10810 (NRB) (KHP)

Dear Magistrate Judge Parker:

We are attorneys for non-party Certilman Balin Adler & Hyman LLP (the "Certilman Firm"), a non-party law firm that is among the numerous (8 in total) non-party professionals (attorneys and accountants) and banks or lenders which have been served with the Subpoena Duces Tecum dated March 26, 2019 ("Non-Party Subpoena") by counsel for the plaintiffs herein ("Plaintiffs") (Ex. A hereto). Because the Non-Party Subpoena was served upon the Certilman Firm on April 3, 2019, its Objections pursuant to Fed R. Civ P. 26 and 45 are not due until April 17, 2019, but are filed herewith (Ex. B hereto). The Non-Party Subpoena was premature, and even if authorized, seeks patently privileged information and is unduly burdensome, and duplicative of the Subpoena served upon the other non-parties. The Certilman Firm proposes that if the Non-Party Subpoena is enforced in any respect, it should be limited to production of the non-privileged loan documentation shared with third-parties such as banks and other lenders, or executed corporate agreements. We respectfully request that the parties be required to conduct a Rule 26(f) conference, during which they should be required to agree to limit the Non-Party Subpoena to such loan and executed corporate agreements, so as to avoid undue burden, expense, and infringement on privilege. See Rule 45(d)(1) (obligation on parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"). In the event they fail to do so, we respectfully request an opportunity under Rule 45(d)(3) to limit the subpoena and to allow other cost and burden saving measures.

We have been provided with copies of the correspondence to the Court concerning the Non-Party Subpoena including the various objections asserted by the firm of Westerman Ball Ederer Miller Zucker & Sharfstein, LLP (the "Westerman Firm") on behalf of defendant Sharif Omar ("Defendant") and the correspondence of the firm of Belkin Burden Wenig Goldman LLP (the "Belkin Firm") on behalf of Plaintiffs (the "Attorney Correspondence").

As the Attorney Correspondence to the Court makes clear, the Certilman Firm was (and is) the corporate counsel (and in some instances, litigation counsel) to the various business entities owned (or formerly owned) by the parties including, principally, Liptis Pharmaceuticals USA and related entities (the "Family Businesses").

As is self-evident from the Non-Party Subpoena itself (Ex. A), full and unrestricted compliance by the Certilman Firm covering the defined "Relevant Period" (i.e., the 10 year period from January 1, 2009) which involves broadly defined "documents" pertaining to any "communication" defined as "Relating" to the Family Businesses, their principals, officers, members, managers, employees and others, will inevitably involve serious issues of attorney-client privilege and other potential privileges which the Certilman Firm is in no position to waive absent an authorized and binding waiver by some or all of the parties to this contentious family-based litigation relating to the Family Businesses (the "Privileged Matters"). It also involves an immense burden imposed on the non-party.

Thus, and despite the self-evidently overbroad and burdensome character of the Non-Party Subpoena's broad definition of "Documents", "Communications" and the "Relevant Period", and while the Certilman Firm proposes to produce non-privileged core documents related to the loans and transactions specified in the Non-Party Subpoena (i.e., loan documentation shared with third-parties such as banks and other lenders, or corporate agreements which are or were in the possession of the parties themselves), the Certilman Firm is unable to further comply with the Non-Party Subpoena which clearly implicates Privilege Matters absent an appropriate and authorized waiver or direction or resolution by the Court of privilege issues. Even then, the burden on the Certilman Firm is not warranted.

Moreover, as we observe from the Attorney Correspondence, it is claimed by Defendant that the Non-Party Subpoena was issued prematurely and is thus unauthorized by reason of the absence of a Rule 26(f) Discovery Conference, the filing of a Discovery Plan, or an initial Pre-Trial Conference before this Court under Rule 16.

It further appears from the Westerman Firm correspondence that the Defendant is further seeking a stay of discovery (or minimally, a stay of non-party discovery including the Non-Party Subpoena) pending the Westerman Firm's planned motion on behalf of Defendant to dismiss the Amended Complaint.

Under such circumstances, in addition to our filing of appropriate Objections on behalf of the Certilman Firm pursuant to Federal Rules 26 and 45, it is respectfully requested that the

Court extend, stay or toll the Certilman Firm's time to otherwise comply with the Non-Party Subpoena until the pending discovery dispute and Plaintiffs' application for a stay of discovery is determined by the Court.

Thereafter, and as set forth in the Certilman Firm's Objections, it is respectfully requested that the Certilman Firm not be required to provide any responsive documents that involve Privileged Matters (as defined above) until such time as there has been an authorized waiver or determination by the Court of authority of either the Plaintiffs and/or Defendant to authorize such a waiver, and the Certilman firm is afforded an opportunity to obtain relief from the Non-Party Subpoena under Rule 45(d).

We thank the Court for its consideration and courtesy.

Respectfully,

**ROSENBERG CALICA & BIRNEY LLP**

By: _____
Robert M. Calica
*Attorney for Non-Party Certilman Firm*

RMC:ds
cc:     Hon. Naomi Reice Buchwald (via ECF)
        Westerman Ball Ederer Miller Zucker & Sharfstein, LLP (via ECF)
        Belkin Burden Wenig & Goldman LLP (via ECF)
Enclosures

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HESHAM AWAD, SHERIN AWAD, AHMED
AWAD, JEHAN AWAD, NABIL EL SHAIKH,
ASHA EL SHAIKH, YUSUF ELSHAIKH,                                    18 Civ. 10810  (NRB)
OMAR ELSHAIKH and MOHAMED OMAR,

                                            Plaintiffs,

         -against-

SHARIF OMAR and SAMI OMAR,

                                            Defendants.
-------------------------------------------------------------------x

### NOTICE OF SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

**PLEASE TAKE NOTICE THAT**, on the date hereof, Hesham Awad, Sherin Awad,

Ahmed Awad, Jehan Awad, Nabil El Shaikh, Asha El Shaikh, Yusuf Elshaikh, Omar Elshaikh and

Mohamed Omar ("Plaintiffs"), by and through their attorneys, Belkin Burden Wenig & Goldman,

LLP, will file and serve the attached subpoenas pursuant to Federal Rule of Civil Procedure 45,

commanding production on the following persons and entities **on or before April 29, 2019** to

**Belkin Burden Wenig & Goldman, LLP, 270 Madison Avenue, 5th Floor, New York, New**

**York 10016, Attn: Jay B. Solomon, Esq.**:

1. Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, East Meadow, NY 11554;

2. Michael Yastrab P.C., 363 Seventh Avenue, 18th Floor, New York, NY 10001;

3. Eisner CPA PC, 429 Atlantic Ave, Unit 2-A, Freeport, NY 11520;

4. Baker Tilly Virchow Krause, LLP, 25 Baylis Road, Suite 300, Melville, NY 11747,
   Attn: Peter S. Noce, CPA;

5. Popular Bank, 85 Broad Street, New York, NY 10004, Attn: Legal Department;

6.  Investors Bank, 101 JFK Parkway, Short Hills, NJ 07078, Attn: Legal Department;

7.  TD Bank, 11000 Atrium Way, Mount Laurel, NJ 08054, Attn: Levy Department; and

8.  BankUnited, N.A., 7815 Northwest 148th Street, Miami Lakes, FL 33016.

Dated:  New York, New York
        March 26, 2019

BELKIN BURDEN WENIG & GOLDMAN, LLP

Attorneys for Plaintiffs
270 Madison Avenue
New York, New York 10016
(212) 867-4466

By:_____
     Jay B. Solomon, Esq.

To:  Philip J. Campisi, Esq. (via Overnight Courier)
     Westerman Ball Ederer Miller Zucker & Sharfstein, LLP
     1201 RXR Plaza
     Uniondale, NY 11556

     Mr. Sami Omar (via Overnight Courier)
     2747 Paradise Road, Unit 3103
     Las Vegas, NV 89109

BMARGOLIN/13120.0003/2556628

AO 88B (Rev 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Hesham Awad, et. al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.   18-cv-10801 (NRB) |
| Sharif Omar, et. al. ) | |
| ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Certilman Balin Adler & Hyman, LLP
                    90 Merrick Avenue, East Meadow, NY 11554

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents. electronically stored information, or objects, and to permit inspection. copying, testing, or sampling of the material:     SEE RIDER

| Place: Belkin Burden Wenig & Goldman, LLP, 270 Madison Avenue, 5th Fl., New York, NY 10016, Attn: Jay B. Solomon, Esq. | Date and Time: On or before April 29, 2019 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect. measure, survey, photograph, test. or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  3/26/19

*CLERK OF COURT*

OR

_____                              _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name. address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Hesham Awad, et. al. _____ , who issues or requests this subpoena, are:
Jay B. Solomon, Esq., Belkin Burden Wenig & Goldman, LLP, 270 Madison Avenue, 5th Fl., New York, NY 10016.
jsolomon@bbwg.com. 212-867-4466

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HESHAM AWAD, SHERIN AWAD, AHMED
AWAD, JEHAN AWAD, NABIL EL SHAIKH,
ASHA EL SHAIKH, YUSUF ELSHAIKH,                    18 Civ. 10810  (NRB)
OMAR ELSHAIKH and MOHAMED OMAR,

                                        **RIDER TO SUBPOENA TO**
                    Plaintiffs,         **PRODUCE DOCUMENTS,**
                                        **INFORMATION, OR OBJECTS**
        -against-

SHARIF OMAR and SAMI OMAR,

                    Defendants.
------------------------------------------------------------------------x

TO:    **CERTILMAN BALIN ADLER & HYMAN, LLP**
       **90 Merrick Avenue**
       **East Meadow, NY 11554**

## DEFINITIONS

        The following definitions are used herein:

        1.      The term "Plaintiffs" refers to Hesham Awad, Sherin Awad, Ahmed Awad, Jehan

Awad, Nabil El Shaikh, Asha El Shaikh, Yusuf Elshaikh, Omar Elshaikh and Mohamed Omar.

        2.      The term "Defendants" refers to Sharif Omar and Sami Omar.

        3.      The term "New Life" refers to New Life Holding Corp., a New York corporation,

having a principal place of business at 110 Red School House Road, Spring Valley, New York

10977, and an address at 2162 Third Avenue, New York, New York 10035.

        4.      The term "Omar Holding" refers to Omar Holding Corp., a New York corporation,

having a principal place of business at 110 Red Schoolhouse Road, Spring Valley, New York

10977, and an address at 1618 Westchester Avenue, Bronx, New York 10472.

        5.      The term "Liptis" refers to Liptis Pharmaceuticals USA, Inc., a domestic business

corporation, and Liptis Holdings, LLC, a domestic limited liability company, both having a

principal place of business and an address at 110 Red Schoolhouse Road, Spring Valley, New York 10977.

6.      The term "Relevant Period" shall mean January 1, 2009 to present, unless otherwise specifically indicated in the document requests that follow.

7.      The term "Accountants" refers to (i) Michael Yastrab P.C., 363 Seventh Avenue, 18th Floor, New York, NY 10001, (ii) Eisner CPA PC, 429 Atlantic Ave, Unit 2-A, Freeport, NY 11520, and (iii) Peter S. Noce, CPA, Baker Tilly Virchow Krause, LLP, 125 Baylis Road, Suite 300, Melville, NY 11747.

8.      The term "Lenders" shall mean (i) Banco Popular, (ii) Investors Bank, (iii) TD Bank, (iv) BankUnited, N.A., and (v) any other person or entity that lent money to Defendants, Sharif, Sami, New Life, Omar Holding, or Liptis during the Relevant Period.

9.      As used herein, the term "Document" or "Documents," regardless of origin, source or location, means all writing of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation: all letters, correspondence, complaints, communications, messages, text-messages, telephone records, notes, telexes, telegrams, facsimile transmissions, e-mails, memoranda, inter-office or otherwise, records, financial statements, bank statements, mortgages, loan documents, loan agreements, statements of account, financial records, requisitions, bids, estimates, budgets, proposals, calendars, diaries, order forms, minutes, receipts, telephone or personal conversations or conferences, intra-company communications, microfilm, photographs, digital images, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, digital recordings, other mechanical recordings, transcripts or logs of any such recordings and all other compilations from which information can be obtained or translated, bulletins, studies, analyses, notices, computer generated matter and any codes necessary

2

to comprehend such matter, books, pamphlets, lists, brochures, blueprints, plans, specifications, drawings, periodicals, charts, graphs, indices, bills, invoices, cancelled checks (front and back), check registers, deeds, contracts, agreements, leases, articles of organization, and any other writings of any nature, however produced or reproduced, including copies of such Documents, and Documents with handwritten comments or inscriptions not originally part of said document, but excepting those Documents which have been prepared by legal counsel solely for the purpose of this litigation. The scope of Documents includes, without limitation, all electronically stored information, including, but not limited to: e-mail communications, voice mail communications, instant messaging communications, online access data (including, but not limited to, temporary internet files, history and/or cookies), contacts, calendar and diary application data (including, but not limited to, Microsoft outlook), databases, word processed documents, spreadsheets and/or other office application Documents (including, but not limited to, power point, excel and/or word), QuickBooks, .PDF, .TIFF, .JPG, and GIP images, sound recordings, video network access, server activity logs, project management application data and backup and archival files. Sources and/or origins of Documents include, without limitation, desktop computers, tablet computers, laptops, home computers, digital devices (including, but not limited to, I-PADS, Ipods, kindles, nooks and other similar devices),  hard drives, backup tapes, portable drives (including, but not limited to, USB drives), CD's, DVD's, "Cloud" servers and other online or third party data storage facilities, web-based e-mail services (including, without limitation, g-mail), smart phones, mobile and cellular phones and/or PDA's (including, but not limited, to I-phones, Blackberries and/or Android devices), digital cameras and flash media, unified messaging and other voicemail systems, fax machines, copiers and/or printers.

10.     The terms "Communication" or "Communication" means all oral, visual or other sensory means of transmitting information other than through a "Document" or "Documents"

3

including, but not limited to, any discussion, meeting, negotiation, letter, memorandum, document, telephone call, telex, text-message, e-mail or written or oral communication.

11.     The terms "Relating" and "Relate" means concerning, pertaining to, consisting of, discussing, relating to, referring to, arising out of, describing, noting, referencing, stating, mentioning, studying, reflecting, reflecting upon, evaluating, analyzing, evidencing, indicating, constituting, recording, memorializing, supporting, substantiating, or being relevant to, or forming the basis of, directly or indirectly.

12.     The terms "shareholder," "member," "manager member," "manager," "officer," "director," "agent," "employee," and any other such designation means any person now serving or serving at any relevant time in any such capacity even though no longer serving in such capacity.

13.     "You," "Your," and "Yours" shall mean Certilman Balin Adler & Hyman, LLP, including its members, managers, officers, agents, employees, attorneys, partners and parent or affiliated entities.

14.     "All" and "each" shall be construed as all and each.

15.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.     The Document Requests which follow are to be regarded as continuing in nature, so that further, more complete and supplemental responses must be served immediately if Plaintiffs obtain further, more complete, or new information or Documents prior to the final disposition of this matter.

2.     All Documents produced pursuant to these Document Requests must be produced as they are kept in the usual course of business.  Plaintiffs are to indicate the paragraph

4

or subparagraph of the particular request in response to which each Document is produced.

3.     If any of the Documents requested by the Document Requests are withheld under a claim of privilege, identify each such Document and state the date of the Document, identify its author and addressee, each person to whom copies of the Document were furnished, or to whom the contents thereof were communicated, a summary of the subject matter of the Document, its present location and custodian, the basis upon which the asserted privilege is claimed, and the requests to which the Document is responsive.

4.     If any of the Documents requested by the Document Requests have been destroyed, furnish a list identifying each such Document, its author and addressee, each person to whom copies of the Document were furnished or to whom the contents thereof were communicated, a summary of the substance of the Document, the date upon which it was destroyed, the reason it was destroyed, and by whom.

5.     If any portion of any Document is responsive to any Document Request, the entire Document must be produced.

6.     If any of these Document Requests cannot be satisfied in full, Plaintiffs are to produce Documents to the extent possible, specifying the reason for their inability to produce further Documents, and stating what knowledge, information or belief Plaintiffs have concerning the unproduced portion.

7.     All Documents which cannot be legibly copied must be produced in their original form.

8.     With respect to any Documents stored in a computer data base, including electronic mail, Plaintiffs must provide both a hard copy printout of the Document, as well as a copy of the computer or electronic tape, disc or other electronic medium on which the document is stored, including all backups and archives of such computer database.

## SCOPE OF DOCUMENT DEMAND

The discovery period of this Document Request is for the period from January 1, 2009 to present, and this Document Request shall be deemed to relate to the aforesaid discovery period, except where otherwise specifically indicated. Please note that Plaintiffs have a continuing obligation to supplement its responses to this Document Request through and including any trial.

Furthermore, Defendants expressly reserve the right to supplement, modify and/or amend this Document Request at any time subsequent to the date hereof, including, but not limited to, requesting additional and/or supplemental Documents.

## DOCUMENTS TO BE PRODUCED

1.      All Documents and/or Communications for the Relevant Period Relating to mortgage loan applications, consolidations of loans, mortgages or any other financial transactions made by Defendants, New Life, Omar Holding, and/or Liptis, or any shareholder, member, manager member, manager, officer, director, agent, and/or employee thereof (i) on or about May 1, 2009 with Banco Popular and the approval and underwriting of such loan, (ii) on or about March 1, 2012 with Investors Bank and the approval and underwriting of such loan, (iii) on or about March 1, 2015 with TD Bank and the approval and underwriting of such loan, (iv) on or about March 1, 2017 with BankUnited, N.A. and the approval and underwriting of such loan, and (v) with any Lenders and the approval and underwriting of such loan(s).

2.      All Documents and/or Communications for the Relevant Period Relating to (a) Defendants, New Life, Omar Holding, and/or Liptis, or any shareholder, member, manager member, manager, officer, director, agent, and/or employee thereof, and (b) (i) any mortgage loan applications, the approval and underwriting of such loans or any other transactions, and any cover letter, email or facsimile cover sheets Relating thereto, (ii) any consolidation of loans, mortgages

6

or any other transactions, and any cover letter, email or facsimile cover sheets Relating thereto, (iii) financial statements, records, or other information, (iv) leasing documents, (v) rent rolls, (vi) shareholder agreements, (vii) corporate records and resolutions, (viii) affidavits of title and affidavits of ownership, and (ix) tax returns.

3.      All Documents and/or Communications for the Relevant Period between You and Defendants, New Life, Omar Holding, and/or Liptis, or any shareholder, member, manager member, manager, officer, director, agent, and/or employee thereof Relating to Defendants, New Life, Omar Holding, Liptis, Accountants, and/or Lenders.

4.      All Documents and/or Communications for the Relevant Period between You and Accountants and/or Lenders Relating to Defendants, New Life, Omar Holding, and/or Liptis or any shareholder, member, manager member, manager, officer, director, agent, and/or employee thereof.

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

HESHAM AWAD, SH.ERIN AWAD, AHMED AWAD,
JEHAN AWAD, NABIL EL SHAIKH, ASHA EL SHAIKH,
YUSUF ELSHAIKI-1, OMAR ELSHAIKH and MOHAMED
OMAR,

                              Plaintiffs,

        -against-

SHARIF OMAR and SAMI OMAR,

                            Defendants.

----------------------------------------------------------------x

18 Civ. 10810 (NRB)

**NON-PARTY CERTILMAN'S
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S SUBPOENA TO
PRODUCE DOCUMENTS
AND INFORMATION**

Non-Party Certilman Balin Adler & Hyman, LLP ( "Certilman"), by and through its

undersigned counsel, hereby responds and objects to the Subpoena and "NOTICE OF

SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO

PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION PURSUANT TO FEDERAL

RULE OF CIVIL PROCEDURE 45" of Plaintiffs  (the "Requests") as follows:

## GENERAL OBJECTIONS

     1.    These General Objections are incorporated into each specific response and

objection hereinafter set forth, whether generally or as to each or any specific demand in the

Requests and the Definitions attached thereto, as if fully set forth therein, and will not be

repeated in each specific response or objection.  Where a general objection is repeated or referred

to in a specific response, it is for emphasis only.  No provision of information in response to the

Requests shall be construed as an admission of the propriety of the Requests.  Certilman reserves

the right to amend these responses and objections. All responses will be subject to the objections contained herein.

2.       Certilman objects to those portions of the Requests that improperly seek the disclosure of information that is neither material, necessary nor relevant within the scope of Fed. R. Civ. P. 26, nor designed to lead to the discovery of admissible evidence, are which are beyond the scope of Fed. R. Civ. P. 45.

3.       Certilman objects to the Requests to the extent they seek information that is protected from disclosure pursuant to the attorney-client privilege, the attorney work product doctrine, or otherwise is privileged, protected, or exempt from discovery.  In responding to the Requests, Certilman has not provided any information that stems from, or otherwise refers to or arises out of, privileged discussions, interactions, or transactions.  Any disclosure of privileged material is inadvertent and shall not be considered a waiver of any applicable privilege, the work product doctrine, or other immunity.

4.       Certilman objects to the Requests to the extent that they purport to call for the disclosure of information not within the possession, custody or control of Certilman.

5.  .    Certilman objects to the instructions and those portions of the Requests which purport to impose upon them a burden of production beyond that required by the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern and Eastern Districts of New York.

6.       Certilman objects to the Requests to the extent they are overbroad, unduly burdensome, duplicative and cumulative and/or seek information that may be obtained from other sources that are more convenient, less burdensome, and/or less expensive.

7.       Certilman objects to the Requests  to the extent they are vague, ambiguous, fails to specify with reasonable particularity the information sought, and/or would unreasonably

require Certilman to speculate as to the nature and/or scope of the information sought thereby.

8.     Certilman objects to the Requests to the extent they require Certilman to make legal conclusions, and/or presupposes legal conclusions that are disputed.

9.     In providing these responses and objections to the Requests, Certilman does not in any way waive or intend to waive, but rather intends to preserve and is preserving: (a) all objections as to competency, relevance, authenticity, materiality, and admissibility of any information and/or underlying document identified; (b) all objections as to vagueness, ambiguity, and undue burden; (c) all rights to object on any ground to the use of any information or document identified, in any subsequent proceedings, including the trial of this or any other action; and (d) all rights to object on any ground to any request for further responses to these or any other discovery requests involving or related to the subject matter of the Requests.

10.     Certilman provides responses based on information reasonably available to Certilman on the date these responses are signed. Certilman reserves the right to supplement the information set forth below at the appropriate time with any information for which the relevance, responsiveness, or existence becomes apparent at a later date. Certilman also reserves the right to amend, supplement, correct, or clarify any responses and objections herein at any time and to interpose additional objections or move for an appropriate protective order if deemed necessary.

11.     To the extent the Requests seek the disclosure of information or the production of documents containing trade secrets or other confidential, business or proprietary information, Certilman will provide such information or produce documents containing such information only subject to an appropriate confidentiality order, and Certilman expressly reserves all of its rights in connection with such information.

12.     Certilman objects to the Requests to the extent they seek the production of

documents that are either publicly available and/or have already been produced by Certilman.

13.     Certilman objects to the Requests to the extent that they are not reasonably defined or limited in time or scope.

## SPECIFIC RESPONSES AND OBJECTIONS

1. All Documents and/or Communications for the Relevant Period Relating to mortgage loan applications, consolidations of loans, mortgages or any other financial transactions made by Defendants, New Life, Omar Holding, and/or Liptis, or any shareholder, member, manager member, manager, officer, director, agent, and or employee thereof (i) on or about May I, 2009 with Banco Popular and the approval and underwriting of such loan, (ii) on or about March 1, 2012 with Investors Bank and the approval and underwriting of such loan, (iii) on or about March L 2015 with TD Bank and the approval and underwriting of such loan, (iv) on or about March 1, 2017 with BankUnited, N.A. and the approval and underwriting of such loan, and (v) with any Lenders and the approval and underwriting of such loan(s).

**Response**

Object on the basis that the request is prohibited by FRCP 26(d) in that, according to the April 8, 2019 ECF filed letter of Philip J. Campisi, Esq., no Rule 26(f) conference has yet to have been held.

Object to the extent the request seeks documents which Certilman previously provided to Plaintiffs' attorneys or which are otherwise already in Plaintiffs' possession.

Object on the basis that the request is overbroad and unduly burdensome.

Object to the extent the request seeks documents other than documents exchanged at the loan closings identified in Request No. 1, on the basis that any such request does not satisfy the provisions of FRCP 45(d) and FRCP 26(b)(1), inasmuch as the disclosure sought is not sufficiently "relevant to any party's claim or defense" and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and [] the burden or expense of the proposed discovery outweighs its likely benefit".

Object to the extent the request seeks documents protected by the attorney-client, attorney work-product, or other privilege.

Subject to and consistent with the foregoing general objections and specific objections, once a Rule 26(f) conference is held and notice thereof is provided, if ever, Certilman will produce responsive non-privileged documents which are documents exchanged at the specified loan closings.

> 2. All Documents and or Communications for the Relevant Period Relating to (a) Defendants, New Life, Omar Holding, and/or Liptis, or any shareholder, member, manager member, manager, officer, director, agent, and/or employee thereof, and (b) (i) any mortgage loan applications, the approval and underwriting of such loans or any other transactions, and any cover letter, email or facsimile cover sheets Relating thereto, (ii) any consolidation of loans, mortgages or any other transactions, and any cover letter, email or facsimile cover sheets Relating thereto, financial statements, records, or other information, (iv) leasing documents, (v) rent rolls, (vi) shareholder agreements, (vii) corporate records and resolutions, (viii) affidavits of title and affidavits of ownership, and (ix) tax returns.

**Response**

Object on the basis that the request is prohibited by FRCP 26(d) in that, according to the April 8, 2019 ECF filed letter of Philip J. Campisi, Esq., no Rule 26(f) conference has yet to have been held.

Object to the extent the request seeks documents which Certilman previously provided to Plaintiffs' attorneys or which are otherwise already in Plaintiffs' possession.

Object on the basis that the request is overbroad and unduly burdensome.

Object to the extent the request seeks documents other than documents exchanged at the loan closings identified in Request No. 1, on the basis that any such request does not satisfy the provisions of FRCP 45(d) and FRCP 26(b)(1), inasmuch as the disclosure sought is not sufficiently "relevant to any party's claim or defense" and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and [] the burden or expense of the proposed discovery outweighs its likely benefit".

Object to the extent the request seeks documents protected by the attorney-client, attorney work-product, or other privilege.

Subject to and consistent with the foregoing general objections and specific objections, once a Rule 26(f) conference is held and notice thereof is provided, if ever, Certilman will produce responsive non-privileged documents which are documents exchanged at the specified loan closings.

> 3.      All Documents and/or Communications for the Relevant Period between You and Defendants, New Life, Omar Holding, and/or Liptis, or any shareholder, member, manager member, manager, officer, director, agent, and/or employee thereof Relating to Defendants, New Life, Omar Holding, Liptis, Accountants, and/or Lenders.

**Response**

Object on the basis that the request is prohibited by FRCP 26(d) in that, according to the April 8, 2019 ECF filed letter of Philip J. Campisi, Esq., no Rule 26(f) conference has yet to have been held.

Object to the extent the request seeks documents which Certilman previously provided to

Plaintiffs' attorneys or which are otherwise already in Plaintiffs' possession.

Object on the basis that the request is overbroad and unduly burdensome.

Object to the extent the request seeks documents other than documents exchanged at the loan closings identified in Request No. 1, on the basis that any such request does not satisfy the provisions of FRCP 45(d) and FRCP 26(b)(1), inasmuch as the disclosure sought is not sufficiently "relevant to any party's claim or defense" and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and [] the burden or expense of the proposed discovery outweighs its likely benefit".

Object to the extent the request seeks documents protected by the attorney-client, attorney work-product, or other privilege.

Subject to and consistent with the foregoing general objections and specific objections, once a Rule 26(f) conference is held and notice thereof is provided, if ever, Certilman will produce responsive non-privileged documents which are documents exchanged at the specified loan closings.

> 4.    All Documents and/or Communications for the Relevant Period between You and Accountants and/or Lenders Relating to Defendants, New Life, Omar Holding, and/or Liptis or any shareholder, member, manager member, manager, officer, director, agent, and/or employee thereof.

**Response**

Object on the basis that the request is prohibited by FRCP 26(d) in that, according to the April 8, 2019 ECF filed letter of Philip J. Campisi, Esq., no Rule 26(f) conference has yet to have been held.

Object to the extent the request seeks documents which Certilman previously provided to Plaintiffs' attorneys or which are otherwise already in Plaintiffs' possession.

Object on the basis that the request is overbroad and unduly burdensome.

Object to the extent the request seeks documents other than documents exchanged at the loan closings identified in Request No. 1, on the basis that any such request does not satisfy the provisions of FRCP 45(d) and FRCP 26(b)(1), inasmuch as the disclosure sought is not sufficiently "relevant to any party's claim or defense" and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and [] the burden or expense of the proposed discovery outweighs its likely benefit".

Object to the extent the request seeks documents protected by the attorney-client, attorney work-product, or other privilege.

Subject to and consistent with the foregoing general objections and specific objections, once a Rule 26(f) conference is held and notice thereof is provided, if ever, Certilman will produce responsive non-privileged documents which are documents exchanged at the specified loan closings.

Dated: Garden City, New York
April 16, 2019

ROSENBERG CALICA & BIRNEY LLP

By: _____
       Robert M. Calica
       Judah Serfaty
*Attorneys for Non-Party Certilman Balin Adler &*
*Hyman, LLP*
100 Garden City Plaza, Suite 408
Garden City, New York 11530
(516) 747-7400