USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/19

# ROSENBERG CALICA & BIRNEY LLP

ATTORNEYS AND COUNSELORS AT LAW
100 GARDEN CITY PLAZA, SUITE 408
GARDEN CITY, NEW YORK 11530
TELEPHONE (516) 747-7400
FACSIMILE (516) 747-7480
WWW.RCBLAW.COM

RONALD J ROSENBERG*
ROBERT M. CALICA
WILLIAM J. BIRNEY
EDWARD M ROSS^
LESLEY A REARDON
KENNETH E. ANESER°
JOHN S. CIULLA

JUDAH SERFATY
PETER J. WILLIAMS⁺
JOSHUA M. LIEBMAN⁺
DEREK D. MUSA
JORDI I. KUSHNER
MINDY R. HOLLANDER

DONNA G. ATTNER
KENNETH J. WEINSTEIN
RICHARD A. ROSS
OF COUNSEL

*ALSO ADMITTED FL
^ALSO ADMITTED CT
°ALSO ADMITTED CT NJ, DC
⁺ALSO ADMITTED MD
⁺ALSO ADMITTED NJ

April 16, 2019

**VIA ECF**

Hon. Katherine H. Parker
United States Magistrate Judge
United States District Court : SDNY
500 Pearl Street
New York, New York 10007

RE: Hesham Awad, et al. v. Sharif Omar, et al.
Case No. 18-CV-10810 (NRB) (KHP)

> **ENDORSEMENT**
> The third-party subpoenas are quashed without prejudice to service at an appropriate time should such time arise.
> So Ordered.
> /s/ Katherine H. Parker, USMJ
> April 17, 2019

Dear Magistrate Judge Parker:

We are attorneys for non-party Certilman Balin Adler & Hyman LLP (the "Certilman Firm"), a non-party law firm that is among the numerous (8 in total) non-party professionals (attorneys and accountants) and banks or lenders which have been served with the Subpoena Duces Tecum dated March 26, 2019 ("Non-Party Subpoena") by counsel for the plaintiffs herein ("Plaintiffs") (Ex. A hereto). Because the Non-Party Subpoena was served upon the Certilman Firm on April 3, 2019, its Objections pursuant to Fed R. Civ P. 26 and 45 are not due until April 17, 2019, but are filed herewith (Ex. B hereto). The Non-Party Subpoena was premature, and even if authorized, seeks patently privileged information and is unduly burdensome, and duplicative of the Subpoena served upon the other non-parties. The Certilman Firm proposes that if the Non-Party Subpoena is enforced in any respect, it should be limited to production of the non-privileged loan documentation shared with third-parties such as banks and other lenders, or executed corporate agreements. We respectfully request that the parties be required to conduct a Rule 26(f) conference, during which they should be required to agree to limit the Non-Party Subpoena to such loan and executed corporate agreements, so as to avoid undue burden, expense, and infringement on privilege. See Rule 45(d)(1) (obligation on parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"). In the event they fail to do so, we respectfully request an opportunity under Rule 45(d)(3) to limit the subpoena and to allow other cost and burden saving measures.

{00306210-3}

We have been provided with copies of the correspondence to the Court concerning the Non-Party Subpoena including the various objections asserted by the firm of Westerman Ball Ederer Miller Zucker & Sharfstein, LLP (the "Westerman Firm") on behalf of defendant Sharif Omar ("Defendant") and the correspondence of the firm of Belkin Burden Wenig Goldman LLP (the "Belkin Firm") on behalf of Plaintiffs (the "Attorney Correspondence").

As the Attorney Correspondence to the Court makes clear, the Certilman Firm was (and is) the corporate counsel (and in some instances, litigation counsel) to the various business entities owned (or formerly owned) by the parties including, principally, Liptis Pharmaceuticals USA and related entities (the "Family Businesses").

As is self-evident from the Non-Party Subpoena itself (Ex. A), full and unrestricted compliance by the Certilman Firm covering the defined "Relevant Period" (i.e., the 10 year period from January 1, 2009) which involves broadly defined "documents" pertaining to any "communication" defined as "Relating" to the Family Businesses, their principals, officers, members, managers, employees and others, will inevitably involve serious issues of attorney-client privilege and other potential privileges which the Certilman Firm is in no position to waive absent an authorized and binding waiver by some or all of the parties to this contentious family-based litigation relating to the Family Businesses (the "Privileged Matters"). It also involves an immense burden imposed on the non-party.

Thus, and despite the self-evidently overbroad and burdensome character of the Non-Party Subpoena's broad definition of "Documents", "Communications" and the "Relevant Period", and while the Certilman Firm proposes to produce non-privileged core documents related to the loans and transactions specified in the Non-Party Subpoena (i.e., loan documentation shared with third-parties such as banks and other lenders, or corporate agreements which are or were in the possession of the parties themselves), the Certilman Firm is unable to further comply with the Non-Party Subpoena which clearly implicates Privilege Matters absent an appropriate and authorized waiver or direction or resolution by the Court of privilege issues. Even then, the burden on the Certilman Firm is not warranted.

Moreover, as we observe from the Attorney Correspondence, it is claimed by Defendant that the Non-Party Subpoena was issued prematurely and is thus unauthorized by reason of the absence of a Rule 26(f) Discovery Conference, the filing of a Discovery Plan, or an initial Pre-Trial Conference before this Court under Rule 16.

It further appears from the Westerman Firm correspondence that the Defendant is further seeking a stay of discovery (or minimally, a stay of non-party discovery including the Non-Party Subpoena) pending the Westerman Firm's planned motion on behalf of Defendant to dismiss the Amended Complaint.

Under such circumstances, in addition to our filing of appropriate Objections on behalf of the Certilman Firm pursuant to Federal Rules 26 and 45, it is respectfully requested that the

April 16, 2019
Page 3

Rosenberg Calica & Birney LLP

April 16, 2019
Page 3

Court extend, stay or toll the Certilman Firm's time to otherwise comply with the Non-Party Subpoena until the pending discovery dispute and Plaintiffs' application for a stay of discovery is determined by the Court.

Thereafter, and as set forth in the Certilman Firm's Objections, it is respectfully requested that the Certilman Firm not be required to provide any responsive documents that involve Privileged Matters (as defined above) until such time as there has been an authorized waiver or determination by the Court of authority of either the Plaintiffs and/or Defendant to authorize such a waiver, and the Certilman firm is afforded an opportunity to obtain relief from the Non-Party Subpoena under Rule 45(d).

We thank the Court for its consideration and courtesy.

Respectfully,

**ROSENBERG CALICA & BIRNEY LLP**

By: _____
Robert M. Calica
*Attorney for Non-Party Certilman Firm*

RMC:ds
cc: Hon. Naomi Reice Buchwald (via ECF)
     Westerman Ball Ederer Miller Zucker & Sharfstein, LLP (via ECF)
     Belkin Burden Wenig & Goldman LLP (via ECF)
Enclosures