UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

212-805-0194

June 5, 2019

Jay B. Solomon, Esq.
Belkin Burden Wenig & Goldman, LLP
270 Madison Avenue
New York, NY 10016

Philip Joseph Campisi, Jr., Esq.
Annie P. Kubic, Esq.
Westerman, Ball, Ederer, Miller & Sharfstein, L.L.P.
1201 RXR Plaza
Uniondale, NY 11556

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/19

**Re: Awad, et al. v. Omar, et al.
18 Civ. 10810 (NRB)**

Dear Counsel:

I write to explain why I struck the "Consent Decree" from the docket sheet. First, utilizing the definition of a consent decree cited in plaintiffs' letter dated May 24, 2019, it is not a consent decree as it does not resolve the case even as to a single defendant. Second, properly understood, the "Consent Decree" is analogous to a cooperation agreement in a criminal case, whereby a defendant agrees both to plead guilty and to cooperate with the Government in hopes of receiving a lenient sentence. In that situation, the Court is not involved in evaluating the defendant's cooperation unless the Government "certifies" that cooperation by moving pursuant to 18 U.S.C. § 3553 and 5K1.1 of the Sentencing Guidelines. Similarly, this Court should have no role in evaluating whether Sami Omar has lived up to his end of the contract with plaintiffs. Yet such involvement is invited by the so-called "Consent Decree" because it does not dismiss the case against Sami Omar. Moreover, given the allegations in paragraph 12 of the complaint and the fact that Mr. Omar is not represented by counsel, the Court is especially concerned about any involvement in this private agreement.

Thus, the Court will not sign the "Consent Decree," and in the absence of any status as a court order, pleading, or motion, it simply has no place on the docket sheet.

Very truly yours,

Naomi Reice Buchwald
United States District Judge